# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LALONNIE WOODHAM, ) | |
| ) | CASE NO.  CIV-15-961-D |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| CAPITAL MANAGEMENT SERVICES, L.P., ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

Now comes the Plaintiff, LALONNIE WOODHAM, by and through her attorney, and for her Complaint against the Defendant, CAPITAL MANAGEMENT SERVICES, L.P., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Lawton, Oklahoma.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited partnership of the State of Delaware, which is not licensed to do business in Oklahoma, and which has its principal place of business in Buffalo, New York.

## STATEMENTS OF FACTS

9. On or around early February 2015, Plaintiff received a telephone phone call at her place of employment from Defendant

10. During said communication, Plaintiff informed an employee, agent and/or representative of Defendant with whom she spoke that she was represented by Prince Law in regards to the alleged debt and provided her attorney's contact information.

11. Plaintiff further informed said employee, agent or representative of Defendant that telephone calls to her place of employment were not permitted.

12. Despite Defendant receiving notice that Plaintiff was represented by counsel and instructions not to contact Plaintiff at her place of employment, on May 19, 2015, Defendant placed

a telephone call to Plaintiff at her place of employment and spoke with Plaintiff's co-worker in regards to the alleged debt.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. Plaintiff was previously diagnosed with depression, high blood pressure and cholesterol, and restless leg syndrome. Defendant's collection efforts have exasperated Plaintiff's conditions and have caused Plaintiff significant embarrassment at her place of employment.

15. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

17. Defendant violated 15 U.S.C. § 1692b(1) by identifying the name of the Defendant company while communicating with a person other than Plaintiff without having been expressly requested to do so.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

18. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692b(6) by communicating with a person other than Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with our client after you had been advised that he was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT IV

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692c(a)(3) by communicating with Plaintiff at Plaintiff's place of employment where Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

24. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

26.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

27.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse our client in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a.   Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b.   Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d.   Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

28.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 as if reiterated herein.

29.     Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

*Rest of Page Intentionally Left Blank*

        RESPECTFULLY SUBMITTED,

        LALONNIE WOODHAM


By:    /s/ Stephen Harry_____
        Attorney for Plaintiff

Stephen Harry
Attorney No. 0059340
Attorney for Plaintiff
Upright Law LLC
414 Northwest 4th Street
Suite 200
Oklahoma City, OK 73102
Phone: (405) 397-7765
Fax: (866) 359-7478
stephenaharry@sahlawoffice.com